## HARTFORD ACCIDENT & INDEMNITY CO. v. SEGRETO et al.

### No. 1113.

District Court, D. Massachusetts.

March 20, 1941.

Sawyer, Hardy, Stone & Morrison and Kenneth C. Parker, all of Boston, Mass., for plaintiff.

Henry F. Collins, of Lawrence, for defendants James Berthel and James C. Berthel.

BREWSTER, District Judge.

The plaintiff seeks a declaratory judgment, 28 U.S.C.A. § 400, respecting its duties, obligations and relationship as insurer growing out of the following facts, which are not seriously disputed:

On January 13, 1940 the plaintiff, through its agents in Massachusetts, issued to the defendant Segreto a motor vehicle liability policy to enable the defendant to register his automobile in conformity with the statutes of Massachusetts. Mass. G.L. (Ter. Ed.) Ch. 90. This policy contained the provision that it could "be canceled by either the named insured or the company upon written notice to the other stating the date, not less than fifteen days thereafter, when such cancellation shall be effective."

The premium to be paid for this policy was $44.50. At the time the policy was delivered, the defendant Segreto paid on account of the premium $7. No further payments having been made up to that time, on March 25, 1940, the plaintiff gave to the defendant Segreto a written notice of cancellation of the policy for non-payment of the premium, to become effective April 16, 1940, and at the same time sent a copy of the notice to the Registrar of Motor Vehicles of the Commonwealth of Massachusetts, in accordance with the provisions of the Massachusetts statute. After this notice and a notice from the Registry of Motor Vehicles of intent to revoke the registration had been received by this defendant, he made a further payment of $9. He was then told that the balance of the premium would have to be paid before April 16, in order to reinstate the policy. No further payments were made. The policy was not reinstated, and I find it was duly cancelled for non-payment of premium on April 16, 1940.

On the 18th day of April, 1940, this defendant was in an automobile accident. At this time the policy issued by the plaintiff was not in force. On these facts the plaintiff is entitled to a declaratory judgment as prayed for. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Maryland Casualty Co. v. Pacific Oil & Coal Co., 61 S.Ct. 510, 85 L.Ed. ——, decided Feb. 3, 1941.

A judgment may be entered declaring and adjudicating that the relationship of insurer and insured did not exist between the plaintiff and the defendant Segreto on April 18, 1940, as to any liability of the said defendant arising out of the said accident or to any liability of the said defendant in an action commenced by the defendant James Berthel, a minor, through his father and next friend James C. Berthel, and further adjudicating and declaring that the plaintiff

has no obligation to defend such action or to indemnify the defendant Segreto against any liability or loss.